IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DUKE WATROUS | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-395 |
| | | (consolidated with 4:13-CV-396 and |
| DIRECTOR, TDCJ-CID | § | 4:13-CV-397) |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Duke Watrous, proceeding *pro se*, filed this petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28

U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge

for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is in custody pursuant to three judgments entered in the 16th Judicial District Court

of Denton County, Texas. In cause number F-2010-0906-A, petitioner was charged with

manslaughter. In cause number F-2010-0907-A, petitioner was charged with endangering a child.

In cause number F-2010-0908-A, petitioner was charged with tampering with physical evidence.

Petitioner entered guilty pleas to each charge and elected to have a jury decide punishment. On

September 15, 2011, following a five-day trial on punishment, the jury sentenced petitioner to twelve

years of imprisonment for manslaughter, two years for endangering a child, and five years for

tampering with physical evidence. The sentences were ordered to run concurrently. The judgment

was affirmed on appeal. The Texas Court of Criminal Appeals refused the petition for discretionary review on October 24, 2012.

Petitioner filed three state applications for habeas relief, one challenging each conviction. The Texas Court of Criminal Appeals denied the applications without written orders on the findings of the trial court without a hearing on March 20, 2013.

## The Petition

Petitioner alleges he was denied the right to due process when: (1) the trial court excluded testimony from Brandy Washburn, the mother of the victims, and Dr. Michelle Greer; (2) the State confused the jury by allowing petitioner's ex-wife, Aude Freeman, to testify; and (3) the prosecutor lied to the jury during closing arguments.

## Standard of Review

Title 28 U.S.C. § 2254 authorizes the District Court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;[1] or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the

_____

[1] In making this determination, federal courts may consider only the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, ___ U.S. ___ , 131 S. Ct. 1388, 1398 (2011).

Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id.* State court decisions must be given the benefit of the doubt. *Renico v. Lett*, 559 U.S. 766, 773 (2010).

The question for federal review is not whether the state court decision was incorrect, but whether it was unreasonable, which is a substantially higher threshold. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Federal courts look to the "last reasoned opinion" as the state court's "decision." *Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012). If a higher state court offered different grounds for its ruling than a lower court, then only the higher court's decision is reviewed. *Id.* "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, __ U.S. __ , 131 S. Ct. 770, 784 (2011); *see also Johnson v. Williams*, __ U.S. __ , 133 S. Ct. 1088, 1091 (2013) (holding there is a rebuttable presumption that the federal claim was adjudicated on the merits when the state court addresses some claims, but not others, in its opinion).

This Court must accept as correct any factual determinations made by the state courts unless petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality

3

of the state court's evidentiary hearing. *See Valdez*, 274 F.3d at 951 (holding that "a full and fair hearing is not a precondition to according § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review.").

## Analysis

### I.    *Procedural Default*

Petitioner contends he was denied due process when the trial court excluded testimony from Brandy Washburn and admitted testimony from Aude Freeman. Petitioner did not raise these issues on direct appeal. When he raised the claims in his state applications for habeas relief, the trial court found the claims were procedurally barred because they had not been raised on direct appeal. This finding was adopted by the Texas Court of Criminal Appeals when the Court denied the application on the findings of the trial court.

Federal habeas review of a claim is procedurally barred if the last state court to consider the claim rejected it based on an adequate and independent state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Brewer v. Quarterman*, 466 F.3d 344, 346-47 (5th Cir. 2006). The state court's dismissal must clearly and expressly state that it rests on a state bar to relief, and the bar must be strictly or regularly enforced by the state courts. *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012). In this case, the state courts expressly relied on a state bar. The applicable state procedural rule was established by *Ex parte Gardner*, which held that record-based claims that are not raised on direct appeal will not be considered in habeas proceedings. *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996), *clarified on reh'g* (Feb. 4, 1998). The *Gardner* procedural bar was firmly established and regularly followed before the time of petitioner's trial. *Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004).

Because the last state court to consider the claims found that petitioner had defaulted them based on a firmly established and regularly followed state bar, petitioner is procedurally barred from raising the claims in a federal habeas proceeding.

Where a state prisoner has defaulted his federal claims in state court by failing to follow applicable state procedural rules, the claims may not be reviewed in federal court unless the prisoner demonstrates cause for the default and actual prejudice as a result of the alleged error. *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992). Petitioner has not met this burden. He failed to show cause for the default or demonstrate that he was prejudiced by the alleged error.

A prisoner who fails to establish cause for the procedural default may be entitled to habeas relief if he shows that imposition of the procedural bar would constitute a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. The miscarriage of justice gateway applies in extraordinary cases where a constitutional violation has probably resulted in the conviction of an actually innocent person. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). The petitioner must show that no reasonable juror would have convicted him in light of all the evidence. *McQuiggen v. Perkins*, _ U.S. _ , 133 S. Ct. 1924, 1928 (2013).

Petitioner does not meet the criteria for the miscarriage of justice gateway because he does not allege that he is actually innocent of the offenses. In fact, he pleaded guilty to the offenses. Accordingly, the claims concerning the exclusion of testimony from Brandy Washburn and the admission of testimony from Aude Freeman are procedurally defaulted.

## II. Testimony of Dr. Greer

Petitioner contends that Dr. Greer should have been able to speak for Wesley Watrous, one of petitioner's victims, because he was too young to speak for himself at the trial on punishment. The

trial court sustained the State's objections to the following questions: 1) whether it was in Wesley's best interest to have continued supervised contact with his father, the petitioner; (2) whether Wesley told Dr. Greer that he loved petitioner and wanted to see him; (3) whether Wesley was concerned about petitioner going to prison; (4) whether Dr. Greer believed people were pressuring Wesley about what to say to her in counseling; and (5) whether Wesley's mental health would be affected if petitioner went to prison. Petitioner contends that his due process rights were violated when Dr. Greer was not permitted to answer the questions.

Petitioner's due process claim was raised, and rejected, on direct appeal. The Second Court of Appeals found that it was not necessary to determine whether the testimony was improperly excluded because petitioner was not harmed by the rulings. *Watrous v. State*, Nos. 02-11-00168-CR, 02-11-00169-CR, 02-11-00170-CR, 2012 WL 2428528, at *5 (Tex.App.–Fort Worth June 28, 2012, pet ref'd) (unpublished). The Court explained its reasoning as follows:

> A review of the entire six volumes of the record from the trial on punishment reveals that much of the excluded testimony from Dr. Greer was presented elsewhere in her testimony or through other witnesses and was thus cumulative. Dr. Greer discussed in front of the jury Wesley's "ambiguous loss" of his dad and other family members, Wesley's concern over his dad going to prison, Wesley's desire and need to see his father, and the benefits to Wesley from the three therapeutic visitations with his father. Dr. Greer testified that continued therapeutic supervised visitations were in Wesley's best interest. Although she was unable to testify directly to whether she believed Wesley had been pressured by the adults in his life into saying he wants to have contact with his dad, Dr. Greer said that she believed Wesley had been open and sincere with her, that she had no reason to doubt the things Wesley had told her, and that Wesley wants to see his father.

> In addition to testimony by Dr. Greer directly related to the questions defense counsel was not allowed to ask her, numerous other witnesses testified about the relationship [petitioner] had with his children and his parenting abilities. Joann Oliver, a board certified clinical social worker and therapist, testified about her court-appointed social study of the Watrous family based on an allegation that [petitioner]

had slapped Durendal. Oliver testified that parenting was a high priority for Watrous and that the children appeared happy with him.

In the months leading up to Ashley's death, Watrous was involved in a contentious custody dispute with Freeman over the custody of Durendal and Emilie. Dr. Linda Richardson testified that she had conducted a social investigation of the Watrous family as part of the custody dispute; Dr. Richardson testified that the children were happy around [petitioner] during the investigation and that she had recommended that [petitioner] be the primary caregiver of Durendal and Emilie. Kristi Compton, a licensed clinical psychologist, testified that she had conducted a psychological evaluation of [petitioner] during custody evaluations in the fall of 2009, prior to Ashley's death. Compton testified that she believed [petitioner] loved his children and they loved him. Judy Aaron, a deputy sheriff in Denton County who had supervised visits between [petitioner] and his children from March 2009 through July 2009 also testified that the children all loved [petitioner] and that he loved them. She testified that [petitioner] had always planned out the visits with scheduled activities, that [petitioner] was firm but appropriate with the children, that the children always seemed happy, and that Aaron believed that [petitioner's] "only priority" was parenting.

[Petitioner's] brother Delorean Watrous testified that Wesley and Amber had lived with him and his other brother Desmond for three and a half months during the CPS investigation after Ashley's death. Delorean testified that Wesley had wanted to have contact with [petitioner] during that time and had constantly asked to see him, but that CPS had prohibited any contact during that time. [Petitioner's] neighbor and friend, Brett Hartzell, testified that [petitioner] loved his children and his children loved him. [Petitioner] testified that he does not deserve probation but that he is asking for probation so that he can continue to financially support his children. [Petitioner] testified that although his parental rights to Wesley and Amber were terminated so that he had no financial obligation to support them, he has a moral obligation to do so.

*Watrous*, 2012 WL 2428528, at *6-7 (internal citations omitted).

On collateral review, a federal court may grant relief based on constitutional trial error only if the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)); *see also Fry v. Pliler*, 551 U.S. 112, 119-20 (2007) (holding that the *Brecht* harmless error standard survived passage of the Antiterrorism and Effective Death Penalty Act of 1996).

Under this standard, the petitioner should prevail if the record is balanced such that "a conscientious judge is in grave doubt as to the harmlessness of the error." *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995); *Robertson v. Cain*, 324 F.3d 297, 305 (5th Cir. 2003).

Assuming that the testimony from Dr. Greer should have been admitted for the reasons cited by petitioner, the alleged error did not have a substantial or injurious influence on the jury's verdict. Because Dr. Greer and the other defense witnesses testified to essentially the same evidence that was excluded, the error was harmless. The state court's rejection of this claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law.

### III. Prosecutorial Misconduct

Petitioner contends the prosecutor committed misconduct by lying to the jury. Petitioner argues the prosecutor confused or lied to the jury by stating what an expert would recommend was in the best interests of Wesley, when some of Dr. Greer's testimony was excluded. Petitioner also contends the prosecutor inferred what punishment Brandy Washburn would want. The Texas Court of Criminal Appeals denied relief based on the trial court's conclusion that petitioner's allegations of misconduct were not supported by an evidence.

In habeas corpus proceedings brought by state prisoners, federal courts may not impose the same standards on state prosecutors that apply to federal prosecutors. *Kirkpatrick v. Blackburn*, 777 F.2d 272, 281 (5th Cir. 1985), *cert. denied*, 476 U.S. 1178 (1986). A prosecutor's comments during trial may be undesirable, or even universally condemned, and still not rise to the level of a constitutional violation. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). A prosecutor's remarks are of constitutional significance only if they are so prejudicial that the state court trial was rendered fundamentally unfair within the meaning of the Fourteenth Amendment. *Id*. A trial is fundamentally

unfair if there is a reasonable probability that the outcome might have been different if the trial was properly conducted. *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000). Prosecutorial comments should be evaluated in the context of the trial as a whole, including the prosecutor's entire closing argument. *Kirkpatrick*, 777 F.2d at 281.

Petitioner does not point to any particular statements made by the prosecutor during closing arguments that petitioner felt were untrue. Conclusory allegations are insufficient to support a claim for federal habeas relief. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

The Court's own review of the transcript shows one instance where the prosecutor stated that Wesley and Brandy would be punished for their entire lives. (Trial Transcript, Vol. 6 at 13.) Later, in response to defense counsel's assertion that Wesley had made major strides in recovering from post-traumatic stress disorder (PTSD), the prosecutor reminded the jury that Dr. Greer testified that PTSD is cyclical, and that Wesley's condition could worsen at any time. (Trial Transcript. Vol. 6 at 20-21, 34-35.) These remarks, evaluated in the context of the entire six volume trial transcript, did not render the sentencing trial fundamentally unfair. There is not a reasonable probability that the jury would have imposed a lesser sentence absent the remarks. Thus, the state court's decision to deny relief with respect to this claim was reasonable.

### Recommendation

This petition for writ of habeas corpus should be denied.

### Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this 1st day of June, 2015.**


DON D. BUSH
UNITED STATES MAGISTRATE JUDGE